IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division



CHARLES TISDALE,

Plaintiff,

v.  Civil Action No. 3:12-cv-00036-JAG

HONORABLE BARACK H. OBAMA, II, *et al*,

Defendants.

## ORDER

This matter is before the Court on the Motion to Proceed in Forma Pauperis and Financial Affidavit filed by the plaintiff, Charles Tisdale, on January 17, 2012. Upon due consideration, the Court finds that Mr. Tisdale is unable to pay the costs of proceeding in the instant case. Accordingly, the Court grants Mr. Tisdale's Motion to Proceed in Forma Pauperis. For the following reasons, however, the Court DISMISSES the Complaint with prejudice.

In proceedings in Forma Pauperis, the Court may dismiss the case at any time if the court finds that the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006).

When interpreting a *pro se* complaint, the Court must afford the complaint a liberal construction. *See Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court need not, however, attempt "to discern the unexpressed intent of the plaintiff." *Id.* The Fourth Circuit has stated: "[T]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts

be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

Mr. Tisdale seeks an injunction enjoining the Virginia State Board of Elections from certifying any candidate who lacks standing as a "natural born citizen" from appearing on the ballot for the upcoming presidential general election on November 6, 2012. Specifically, Mr. Tisdale cites Barack Obama, Mitt Romney, and Ron Paul as ineligible to appear on the ballot, on the grounds that each had at least one parent who was not a citizen of the United States.

The Court rules that the Complaint does not state a claim upon which relief may be granted. The eligibility requirements to be President of the United States are such that the individual must be a "natural born citizen" of the United States and at least thirty-five years of age. U.S. Const. art. II, § 1. It is well settled that those born in the United States are considered natural born citizens. *See, e.g., United States v. Ark*, 169 U.S. 649, 702 (1898) ("Every person born in the United States, and subject to the jurisdiction thereof, becomes at once a citizen of the United States."); *Perkis v. Elg*, 99 F.2d 408, 409 (1938). Moreover, "those born 'in the United States, and subject to the jurisdiction thereof,' . . . have been considered American citizens under American law in effect since the time of the founding . . . and thus eligible for the presidency." *Hollander v. McCain*, 566 F. Supp. 2d 63, 66 (D.N.H 2008). Thus, Mr. Tisdale's contention that President Obama, Governor Romney, and Congressman Paul are not eligible to be President due to their nationalities is without merit.

Accordingly, the Court dismisses the Complaint for failure to state a claim. This dismissal is with prejudice, as the Court finds that allowing leave to refile would yield the same result, given the underlying premise of Mr. Tisdale's claim.

Mr. Tisdale may appeal the decision of the Court. Should he wish to appeal, written notice of appeal must be filed within thirty (30) days of the date of entry hereof. Failure to file a timely notice of appeal may result in the loss of the right to appeal.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record and Mr. Tisdale.

/s/
John A. Gibney, Jr.
United States District Judge

Date: January 20, 2012
Richmond, VA